NATHANIEL P. WILDER, and GURDON S. HUBBARD, impleaded, etc., Appellants, *v.* THE CITY OF CHICAGO, Appellee.

### APPEAL FROM COOK.

The Common Council of the city of Chicago, had power to appoint one or more collectors, in addition to the one elected by the people.

The collector was required to pay the money collected by him into the city treasury, and he could not retain any part of it for any purpose.

THIS was a suit on an official bond against a city collector and two of his sureties. The eighth plea is called a plea of set-off, and sets forth that the city of Chicago was indebted to said Russell in a larger sum than the amount claimed in the declaration, for so much commissions of right due to him upon the amount of special assessments collected during the term of his office in said city, by said special collector, appointed by said city, contrary to law, to make such collections. To which a demurrer was sustained.

There was a judgment against the appellants for the amount of the bond, to be discharged on payment of the damages, etc.

J. P. CLARKSON, for Appellants.

J. L. KING, for Appellee.

BREESE, J. The questions raised upon this record, are not new to this court. They were presented, substantially, in the case of *Russell et al.* v. *The City of Chicago*, 22 Ill. 285, and there fully argued and decided, without, as we understand, the intimation of a doubt, by this court, of the propriety of the ruling. We there decided that the Common Council of Chicago, had power expressly granted to them to appoint one or more collectors, in addition to the one to be elected by the people of the city. Those to be appointed by the city were to be appointed by ballot by the council. The idea is, that under its charter the city was required to have at least one collector, but if a greater number should be found to be necessary, the common council by ballot, could appoint the requisite number, one or more. When thus appointed, they were clothed with all the rights, powers, and privileges and duties in collecting the dues to the city, as fully as they appertained to the collector elected by the people. Their power and jurisdiction would extend all over the city, if not limited by some law or regulation of the common council. Being such collectors, they had power to collect the special assessments. These points are fully decided in the case referred to. That case decides further, that, if the council had not this power, about which, however, not the slightest doubt was entertained or suggested, that did not justify the collector elected by the people to hold on to the moneys he had collected by virtue of his office, belonging to the city. The form which the same defense has now assumed, by claiming these fees as a set-off, cannot affect the merits of the question in any manner. If the defense was not available when presented in the sixth plea in the case referred to, it cannot by any legerdemain, be made available under the eighth plea in this case.

Forms are nothing—substance is everything. The sixth plea, as the eighth plea does here, distinctly presented the question, of the power of the common council to appoint additional collectors ; that power being denied, the defendant insisted on his right to retain moneys in his hands belonging to the city, to an amount equal to the fees he could have made on the collections of which he had been deprived. In that plea, he justified under the right to retain moneys for these fees ; under the eighth plea in this case, he proposes to set off those fees against the claim of the city. We cannot see that the form of the present eighth plea, presents the defendant's claim in any stronger or better light for him, and is disposed of by the ruling in the case cited.

We will not now attempt to put a construction on the various provisions of the charter so minutely examined, by the counsel for the appellants. It is not necessary in this case. The record shows that during the term of office of the defendant, Russell, an ordinance of the common council concerning the assessment and collection of taxes, was in full force, by which the collector was required to pay into the city treasury, all moneys collected by him as fast as collected, and at least as often as every Monday, and in the identical funds received. This being his duty, he had no right to retain a dollar, for any purpose. The judgment is affirmed.

*Judgment affirmed.*